**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4674**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

RAY LEE CASON,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:03-cr-00005-MR-1)

Submitted:  July 20, 2020                 Decided:  August 13, 2020

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Melissa S. Baldwin, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray Lee Cason appeals the procedural and substantive reasonableness of his 276-month sentence imposed on resentencing following his conviction after a jury trial for bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(d) (2018) (count 2), brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2018) (count 3), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2018). Cason argues that his sentence is procedurally unreasonable because the district court used a statutory range and maximum as the starting point and initial benchmark for its sentencing decision. He also argues that the sentence is procedurally unreasonable because the district court failed to provide a sufficient explanation to support it and is substantively unreasonable. We vacate and remand for resentencing.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) [(2018)] using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51). "If we determine that the district court has not committed procedural error, only then do we proceed to assess the substantive reasonableness of the sentence." *Id.* (citing *Gall*, 552 U.S. at 51). Substantive reasonableness review "takes into account

2

the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted).

We review for plain error Cason's first procedural sentencing challenge because he raises it for the first time on appeal. *See United States v. Walker*, 934 F.3d 375, 377-78 (4th Cir. 2019). "To prevail on plain error review, an appellant must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018).

"To be plain, an error must be clear or obvious at the time of appellate consideration." *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks and citations omitted). "An error is clear or obvious if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *Id.* (internal quotation marks omitted). The third prong of plain error review is satisfied when the defendant establishes a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). "If each of those three requirements are satisfied, we possess discretion on whether to recognize the error, but we should not do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Cohen*, 888 F.3d at 685 (internal quotation marks omitted).

Although the Guidelines are now advisory, the district court "must treat the Guidelines as the 'starting point and the initial benchmark'" for selecting a sentence. *Kimbrough v. United States*, 552 U.S. 85, 108 (2007) (quoting *Gall*, 552 U.S. at 49). The

3

Guidelines provide "the framework for sentencing and anchor the district court's discretion" even in the case where the district court sees a reason to vary from them. *Molina-Martinez*, 136 S. Ct. at 1345 (internal quotation marks and ellipsis omitted).

Although here the district court calculated the Guidelines range at 147 to 162 months' imprisonment and—after imposing sentence—mentioned in its concluding comments that it believed the disparity between the 276-month prison term and the Guidelines range was warranted under 18 U.S.C. § 3553(a), the court's comments make clear that it used the aggregate of the statutory maximum prison term applicable to count 2 and the statutory minimum term applicable to count 3 as the starting point and the initial benchmark for its sentencing decision. The court characterized the Guidelines range and using that range as "something of a Rorschach test" and stated that its sentencing determination would be anchored instead to the "factors for sentencing under the statute [s]ection 3553(a) as they fit into th[at] statutory sentencing range." J.A. 147-48.[*] Rather than assess whether the § 3553(a) factors warranted a sentence below, within, or above the Guidelines range, the district court assessed where within the aggregated statutory range Cason's sentence should fall based on those factors. This was plain error. *See Molina-Martinez*, 136 S. Ct. at 1345; *Kimbrough*, 552 U.S. at 108; *Gall*, 552 U.S. at 49; *see also United States v. Abu Ali*, 528 F.3d 210, 262 (4th Cir. 2008) (reversible procedural error present where district court used erroneous benchmark to drive sentencing determination).

---

[*] The citation to the "J.A." refers to the joint appendix submitted by the parties.

4

Further there is present on the record here a reasonable probability that, but for the district court's error, the outcome of sentencing would have been different. The record does not disclose what the district court would have done had it considered the aggravating and mitigating circumstances under § 3553(a) in relation to the Guidelines range; the district court's error, therefore, affected Cason's substantial rights. *See Molina-Martinez*, 136 S. Ct. at 1347 (holding that, where record is silent as to what district court might have done had it considered the correct Guidelines range, court's reliance on incorrect range in most instances will suffice to show an effect on defendant's substantial rights). Finally, the error satisfies the fourth prong of plain error review because the failure to correct a plain Guidelines error that affects a defendant's substantial rights will ordinarily seriously affect the fairness, integrity, and public reputation of judicial proceedings. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018). Because there is nothing in the record to distinguish this case from the ordinary case in this regard, Cason has satisfied this fourth prong of the plain error standard. *Id.* at 1909 & n.4.

The district court plainly procedurally erred in sentencing Cason, and we therefore do not reach the substantive reasonableness of his sentence, *see Nance*, 957 F.3d at 212, and need not assess his additional claim of procedural sentencing error. Accordingly, we vacate and remand for resentencing.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*